**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JACOBY D. BEASLEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:25-cv-00295-JSD |
| THORNBURGH COMPANIES, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, alleging employment discrimination against his former employer, Thornburgh Companies. ECF No. 1. Plaintiff indicates on his Complaint that he filed a charge of discrimination with the Equal Employment Opportunity Commission and that he received a right-to-sue letter. *Id.* at 3; *see also Stuart v. General Motors Corp.*, 217 F.3d 621, 630 (8th Cir. 2000) ("In order to initiate a claim under Title VII a party must timely file a charge of discrimination with the EEOC and receive a right-to-sue letter."). However, Plaintiff did not attach either of these documents as exhibits to his Complaint. Consequently, the Court will order Plaintiff to supplement the Complaint by submitting a copy of his charge of discrimination as well as a copy of his EEOC right-to-sue letter, within **thirty (30) days** of the date of this Order.

In addition, the Court notes that Plaintiff states on his Original Filing Form that this case is neither the same cause, nor substantially equivalent to any previously filed cause of action in this Court. ECF No. 1-3. However, the Complaint filed in this matter contains many of the same allegations that were alleged against the same defendant, in another case filed by Plaintiff in this Court and dismissed a week before this case was filed. *See Beasley v. Thornburgh Companies*,

No. 4:24-cv-1483-JAR, ECF Nos. 4-5 (E.D. Mo. filed Nov. 4, 2024) (dismissed Mar. 3, 2025 for failure to state a claim upon which relief may be granted).  Plaintiff is warned that he cannot file a new suit on the same issues, making the same claims, just because he was unhappy with the resolution of his prior case.  *See Robbins v. Dist. Ct. of Worth Cnty., Iowa*, 592 F.2d 1015, 1017 (8th Cir. 1979) ("[A]n issue may not be relitigated in a second lawsuit where that issue had previously been litigated in a prior lawsuit which involved the same cause of action."). Furthermore, if this case is based on the same right-to-sue letter, issued August 6, 2024, that Plaintiff filed in his other case, *see Beasley v. Thornburgh Companies*, No. 4:24-cv-1483-JAR, ECF Nos. 1-3, then this case appears time-barred.[1]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff shall submit a copy of both his charge of discrimination and his EEOC right-to-sue letter within **thirty (30) days** of the date of this Order.

**IT IS FURTHER ORDERED** that if Plaintiff fails to comply with this Order, the Court will dismiss this action without further proceedings.

Dated this 16th day of April, 2025.

_____
JOSEPH S. DUEKER
UNITED STATES MAGISTRATE JUDGE

---

[1] As explained in the right-to-sue letter, Plaintiff only has ninety (90) days from the receipt of that letter to file a federal action based on the claims alleged in the charge.  *See also* 42 U.S.C. § 2000e-5(f); *Hales v. Casey's Mktg. Co.*, 886 F.3d 730, 736 (8th Cir. 2018) (finding that the ninety-day period represents a limitation period that bars a suit not filed within that time).