UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JACOLBY D. BEASLEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )  No. 4:25-cv-00295-JSD |
| THORNBURGH COMPANIES, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Plaintiff JaColby Beasley brings this action under Title VII of the Civil Rights Act of 1964, alleging employment discrimination against his former employer, Thornburgh Companies. ECF No. 1. On May 13, 2025, the Court ordered Plaintiff to show cause as to why this action should not be dismissed for being filed out of time. ECF No. 6. After review of Plaintiff's response (ECF No. 7), the Court finds that this case is time-barred and must be dismissed.

**Background**

Plaintiff alleges that defendant Thornburgh Companies discriminated against him based on his race, color, and age in February 2023, when Plaintiff was harassed, given different terms and conditions of employment than similar employees, and terminated. ECF No. 1 at 3-5. After Plaintiff initiated this action on March 10, 2025, the Court issued an Order directing him to file a copy of his charge of discrimination and his Equal Employment Opportunity Commission ("EEOC") right-to-sue letter. ECF No. 4. In that same Order, the Court noted that Plaintiff's Original Filing Form stated that this case is neither the same cause, nor substantially equivalent to any previously filed cause of action in this Court. ECF No. 1-3. However, the Complaint filed in this matter contains many of the same allegations that were alleged against the same defendant, in

another case filed by Plaintiff in this Court and dismissed a week before this case was filed. *See Beasley v. Thornburgh Companies*, No. 4:24-cv-1483-JAR, ECF Nos. 4-5 (E.D. Mo. filed Nov. 4, 2024) (dismissed Mar. 3, 2025 for failure to state a claim upon which relief may be granted).

Plaintiff complied with the Court's Order and filed his supplemental documents on April 29, 2025. ECF No. 5. The Court notes that Plaintiff filed the same charge of discrimination and EEOC right-to-sue letter, based on Charge No. 560-2023-01369, that he filed in his previously dismissed case. *Compare* ECF Nos. 5-1 & 5-2 with *Beasley v. Thornburgh Companies*, No. 4:24-cv-1483-JAR, ECF Nos. 1-3 & 1-4.

Because Plaintiff is proceeding without prepayment of fees and costs, on May 13, 2025, the Court reviewed his pleadings under 28 U.S.C. § 1915(e). ECF No. 6. The Court noted that a plaintiff in a Title VII action, like this one, has ninety (90) days from receipt of the right-to-sue letter to file a civil action. *See* 42 U.S.C. § 2000e-5(f). In this case, Plaintiff's EEOC right-to-sue letter was issued on August 6, 2024, so Plaintiff's ninety-day period elapsed on November 4, 2024.[1] Because this case was filed on March 10, 2025, the Court ordered Plaintiff to show cause as to why this case should not be dismissed as time-barred.

### Plaintiff's Show Cause Response

On May 30, 2025, Plaintiff filed a letter "stating why [his] case shouldn't be dismissed." ECF No. 7 at 1. In the letter, Plaintiff details his work history and firing from employment with defendant Thornburgh Companies. *Id.* at 2-3. Plaintiff attached exhibits to the letter concerning incidents that occurred during his employment at Thornburgh and text conversations with his

---

[1] Plaintiff filed his first employment discrimination action against defendant Thornburgh Companies on this date. *See Beasley v. Thornburgh Companies*, No. 4:24-cv-1483-JAR (E.D. Mo. filed Nov. 4, 2024) (dismissed Mar. 3, 2025 for failure to state a claim upon which relief may be granted).

Thornburgh boss.  ECF Nos. 7-1 to 7-8.  Neither the letter nor the exhibits address the timeliness of the filing of this lawsuit, as ordered in the Court's Show Cause Order.  *See* ECF No. 6.

## Discussion

Title VII imposes a 90-day statute of limitations: "[i]f a charge filed with the [EEOC] is dismissed …, [the EEOC] shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge." 42 U.S.C. § 2000e–5(f)(1).  Failure to file a timely Title VII action warrants dismissal of the complaint.  *Braxton v. Bi-State Dev. Agency*, 728 F.2d 1105, 1108 (8th Cir. 1984).  Recently, the Eighth Circuit affirmed the dismissal of an employment discrimination action as untimely filed when the action was filed just one day late.  *Jackson v. Hennepin Healthcare Sys., Inc.*, 134 F.4th 1262, 1264 (8th Cir. 2025).

In this case, Plaintiff's right-to-sue letter was issued by the EEOC on August 6, 2024.  ECF No. 5-2 at 1.  Plaintiff does not dispute that he was notified of the EEOC's dismissal of his charge on August 6, 2024.  As such, Plaintiff had until November 4, 2024, to file a Title VII lawsuit. Plaintiff initiated this action on March 10, 2025 – over four (4) months late.

To avoid dismissal for failure to file within the 90-day limitations period, a plaintiff may demonstrate that the deadline should be equitably tolled.  *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 95 (1990).  However, equitable tolling requires a showing that timely filing was prevented by some impediment beyond a plaintiff's control.  *See Hill v. John Chezik Imps.*, 869 F.2d 1122, 1124 (8th Cir. 1989) ("Courts have generally reserved the remedy of equitable tolling for circumstances which were truly beyond the control of the plaintiff.").  Plaintiff here makes no arguments in support of equitable tolling and the Court finds no reason why it should apply.  In fact, Plaintiff did file his first Title VII action against defendant Thornburgh Companies in a timely manner.  *See*

3

*Beasley v. Thornburgh Companies*, No. 4:24-cv-1483-JAR (E.D. Mo. filed Nov. 4, 2024).  As such, equitable tolling is not appropriate here.

Therefore, this Title VII action is time-barred and must be dismissed for failure to comply with the applicable statute of limitations.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED as time-barred**.

A separate order of dismissal will be entered this same date.

Dated this 11th day of July, 2025.

                                              _____
                                              AUDREY G. FLEISSIG
                                              UNITED STATES DISTRICT JUDGE